**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MEDPACE, INC., | : | Case No. 1:21-cv-480 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| VIVOZON, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 3)**

This civil action is before the Court upon Defendant's motion (Doc. 3) to dismiss counts two through four of Plaintiff's complaint and the parties' responsive memoranda. (Docs. 6 and 7).

    **I.**    **FACTS AS ALLEGED BY THE PLAINTIFF**

Plaintiff Medpace Inc. ("Medpace") provides support services for the development of, *inter alia*, medicinal drugs and medical devices. (Doc. 2 at ¶1). Medpace is incorporated in Ohio. (*Id.*). Defendant Vivozon, Inc. ("Vivozon") is a New Jersey-based drug developer. (*Id.* at ¶4). By Letter of Intent ("LOI") dated January 4, 2019, the parties agreed that Medpace would provide services to Vivozon. (*Id.* at ¶6). Vivozon agreed to pay Medpace for Medpace's services. (*Id.* at ¶7). By terms of the LOI, Vivozon would

pay $111,480.00 upon execution of the LOI and a similar amount 30 days after execution of the LOI. (*Id.* at ¶8). Pass-through expenses were to billed monthly or as incurred. (*Id.*).

Vivozon paid the first invoice but not the second. (*Id.* at ¶¶10-12, 17). After that second invoice was past due, on March 7, 2019, Vivozon requested that Medpace stop work on the project. (*Id.* at ¶12). In the interim, Medpace had incurred expenses. (*Id.* at ¶13). Medpace claims Vivozon breached the LOI by failing to make the second payment of $111,488.00 and by failing to pay $510.46 in expenses. (*Id.* at ¶17).

Medpace filed this lawsuit in Hamilton County Court of Common Pleas. (Doc. 2). Vivozon removed the case here. (Doc. 1). Medpace's claims sound in breach of contract (Count One), fraud (Count Two), unjust enrichment (Count Three), and punitive damages (Count Four). (Doc. 2). Vivozon's partial motion to dismiss attacks all counts except the breach of contract claim.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of

the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

A threshold question concerns choice of law. Both Ohio and New Jersey are candidates for the provider of the substantive law. Vivozon does not really make an argument for one over the other, instead taking the position that both Ohio and New Jersey law support Vivozon's entitlement to the dismissals. (*See* Doc. 3). Thus, the Court has no facts or argument upon which to base a choice of law determination. Accordingly, taking note of the standard on a motion to dismiss, the Court will permit Medpace's claims to move forward if there is a basis for them in either Ohio or New Jersey law. But the Court will look to Ohio law first—and analyze New Jersey law only if necessary.

### A. Unjust Enrichment

Vivozon argues that "[i]n Ohio, claims for unjust enrichment are not appropriate when there is an express agreement that governs the dispute." (Doc. 3 at 6 (citing *Campana v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 88616, 2007-Ohio-4040, 2007 WL 2269504, ¶ 18)). Vivozon further agues "an express agreement governs the services to be provided by Medpace." (Doc. 3 at 7). Thus, according to Vivozon, Medpace's unjust enrichment claim must give way to the breach of contract claim. (*Id.*).

The Court disagrees. As Ohio courts have established, "[b]ecause alternative pleading is permissible, a party may plead both a breach-of-contract claim and an unjust-enrichment claim without negating the validity of either claim." *Cristino v. Bur. of Workers' Comp.,* 2012-Ohio-4420, 977 N.E.2d 742, at ¶26 (citing *Bldg. Indus.*

*Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 2009-Ohio-1910, 911 N.E.2d 356, ¶17)). The lack of fact-finding in this case provides further justification to allow Vivozon to plead the theories in the alternative. Neither the validity of the LOI as a contract nor the scope of the parties' seeming agreement has been established.

In arguing its motion, Vivozon is over-reliant on language from cases in a more advanced posture, with regard to the facts, than the present one. If the existence of a contract were established, as it had been in *Campana v. Ford*, recovery under an unjust enrichment would indeed be inappropriate. *See* 2007-Ohio-4040, at ¶19 ("the facts show that there was an express contract between Ford and Bass relating to the purchase of the 20 tractor trucks."). Here, at this point in the litigation, the Court can make no finding as to the either the validity of the LOI as a contract or, if valid, as to the scope of its obligations.

Vivozon's reliance on *Robins* v. *Global Fitness* further illustrates the point. The court in *Robins* states: "Both Ohio and Kentucky bar <u>recovery</u> under the theory of unjust enrichment <u>when an express valid contract exists and covers the same subject</u>. 838 F. Supp. 2d 631, 646 (N.D. Ohio 2012) (emphasis supplied); (*see* Doc. 3 at 7). Of course, barring recovery is not the same as barring a party from pleading unjust enrichment as an alternative to a contract theory. Moreover, "whether a valid contract exists" remains to be seen. For these reasons, Vivozon's argument is unpersuasive.

### B. Fraud

Vivizon attacks two perceived shortcomings of Medpace's fraud allegations: the fraud action merges with the contract claim and, second, the pleaded facts fail to meet the specificity requirements of Federal Rule of Civil Procedure 9(b). (Doc. 3 at 8-14). The Court agrees with Vivozon on the second argument so it will not reach the first. Indeed, Medpace fails to plead fraud with sufficient particularity.

In Ohio, the elements of fraud are: 1) a representation; 2) which is false and made with knowledge of its falsity; 3) with the intent of misleading another into relying upon it; 4) justifiable reliance upon the representation; and 5) a resulting injury. See *McGrath v. Nationwide Mut. Ins. Co.*, 295 F. Supp. 3d 796 (S.D. Ohio 2018). The New Jersey law on fraud is not markedly different. *See e.g.*, *Allstate New Jersey Ins. Co. v. Lajara,* 222 N.J. 129, 147 (2015). Regardless of whether the cause of action arises under New Jersey or Ohio law, the fraud claim must meet the heightened pleading standard under Fed. R. Civ. P. 9(b). That rule "requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *See Rheinfrank v. Abbot Lab'ys*, No. 1:13-CV-144, 2013 WL 4067826, at *4 (S.D. Ohio Aug. 12, 2013) (citing *Reusser v. Saxon Mortgage Servs.*, Inc., No. 2:12–CV–00087, 2012 WL 4108007, at *4 (S.D.Ohio Sept.19, 2012).

Medpace has failed to provide detail at the required level of particularity pursuant to Fed. R. Civ. P. 9(b). In reviewing Vivozon's complaint, the Court cannot even discern a statement made by Vivozon that Medpace identifies as false. (Doc. 2). The complaint only contains abstract allusions to the falsity. (*Id.* at ¶¶25-31). In its opposition to the motion, Medpace states that "Medpace's claim is that Vivozon made a promise with the intent not to perform." (Doc. 6 at 2). The Court is left wondering if this so-called promise was made in the LOI itself, in discussions before the LOI was signed, while requesting the second payment, or at some other time.

Assuming it was the LOI itself, Medpace still lacks the required particularity in its pleading. Medpace does not identify a speaker or plead when and where the statements were made. The complaint lacks details about who transmitted the LOI to whom, who signed it, and, other than in generalities, what it says. Medpace states it has not filed the LOI with the Court because it contains confidential information. (Doc. 1 at ¶6). That may be. But even assuming the existence of confidential information in the LOI, Medpace is not excused from the heightened pleading requirement. Thus, Medpace falls well short of sufficiently pleading a claim for fraud. *See* Fed. R. Civ. P. 9(b). Count Two of Medpace's complaint will be dismissed.

**C. Punitive damages**

Because the Court has dismissed Medpace's fraud claim, Medpace cannot maintain a claim, as its own cause of action or otherwise, for punitive damages. Medpace

states its entitlement to punitive damages depends on the success of a fraud claim. (Doc. 6 at 3). Regardless of which state supplies the law, Medpace appears to be correct about that. *See Mabry-Wright v. Zlotnik*, 2005-Ohio-5619, at ¶20; *Ellmex Const. Co. v. Republic Ins. Co.*, 202 N.J. Super. 195, 205, 494 A.2d 339, 344 (App. Div. 1985). A fraud claim is no longer before the Court. Thus, the Court does not reach arguments that concern whether "punitive damages" should be isolated as their own "count" in Medpaces's complaint or not. (Doc. 3 at 12-13). Defendant's motion to dismiss will be granted as to the punitive damages claim because the fraud claim will not move forward. Thus, Count Four of Medpace's complaint will be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons reflected above, the Court **ORDERS** that:

1) Defendant's motion to dismiss (Doc. 3) is **GRANTED** in part and **DENIED** in part as follows:

    a. Defendant's motion to dismiss (Doc. 3) is **GRANTED** as to Count Two and Count Four of the complaint and those claims are **DISMISSED**.

    b. Defendant's motion to dismiss Count One and Count Three of the complaint is **DENIED**, and those claims shall proceed.

**IT IS SO ORDERED.**

Date:  3/23/2022                                             *s/Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge

8